Order Form (01/2005)

MHW

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 5190 | DATE | 8/20/2010 |
| CASE TITLE | James G. Turner-El (#N-01161) v. Michael Randall, et al. | | |

**DOCKET ENTRY TEXT:**

The complaint is summarily dismissed with prejudice pursuant to *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999). The case is terminated. The plaintiff's motion for consolidation [#3] is denied as moot. This matter is referred to the court's Executive Committee for consideration of a regulatory injunction or any other action the Committee may deem appropriate.

Mail AO450

■ [For further details see text below.]       Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that every warden and every business administrator at every facility at which the plaintiff has been confined in the past twenty-nine years has conspired to misappropriate Illinois state funds intended to benefit the Inmate Benefit Fund.

The court discerns no basis for venue in this district. Under 28 U.S.C. § 1391(b), a civil rights action under Section 1983 may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. In the case at bar, the named defendants are wardens at the Hill Correctional Center, which is situated in the Central District of Illinois federal judicial district, *see* 28 U.S.C. § 93(b), as well as the Menard and Pinckneyville Correctional Centers, which are situated in the Southern District of Illinois federal judicial district. *See* 28 U.S.C. § 93(c). Even assuming that the plaintiff has both (a) standing to sue over correctional officials' conversion of funds and (b) a timely* cause of action against any correctional officials located in the Northern District of Illinois federal judicial district, no named defendant is Northern District-based.
(CONTINUED)

mjm

However, because the court finds that the plaintiff has committed a "fraud" on the court, the complaint will be summarily dismissed rather than transferred to another district. It is plain to the court that the plaintiff filed suit in this district in an attempt to make an end-run around a barring order imposed in the United States District Court for the Southern District of Illinois, the judicial district where the plaintiff is currently incarcerated.

Although the complaint is nominally against all IDOC wardens and administrators, the plaintiff's motion accompanying his complaint largely seeks relief concerning his treatment by officials at the Pinckneyville Correctional Center. The U.S. District Court for the Southern District of Illinois has issued a barring order restricting the plaintiff's filings in that jurisdiction. *See Turner-El v. Murphy*, Case No. 01 C 0557 (S.D. Ill.), Order of March 25, 2002 (Murphy, J.). In fact, Judge Murphy specifically cautioned the plaintiff, "Further, Turner-El shall not try to circumvent this prohibition by filing in another court with the hope that the action might be transferred to this District. Such a practice will result in further sanctions." *Id.* The plaintiff will not be permitted to evade Judge Murphy's order by bootstrapping questionable and untimely claims against every facility where he has been incarcerated for the past twenty-nine years. The plaintiff's effective "fraud" on the court must "lead to immediate termination of this suit. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Furthermore, the plaintiff is well aware that he may not initiate suit without paying the filing fee, in the absence of imminent danger of serious physical injury. The judges of this court have repeatedly advised the plaintiff that he has "struck out" under 28 U.S.C. § 1915(g). *See, e.g., Turner-El v. Brown*, Case No. 01 C 8930 (N.D. Ill.), Minute Orders of November 27, 2001, and January 17, 2002 (Pallmeyer, J.); *Turner-El v. Agnello*, Case No. 01 C 7163 (N.D. Ill.), Minute Order of September 26, 2001 (Kocoras, J.) ("Plaintiff, an incarcerated person, has 'struck out' under 28 U.S.C. 1915(g) and has previously been informed of this fact."). In light of the plaintiff's strike-out status, payment of the filing fee is a **precondition** to suit. *Sloan v. Lesza*, 181 F.3d at 858 (emphasis added). The court has no obligation to give the plaintiff extra time to pay. *Id.* at 859. The plaintiff must submit the statutory filing fee along with any new complaint.

For the foregoing reasons, the complaint is dismissed with prejudice and the case is terminated. All pending motions are denied as moot. However, having brought this action, the plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, the plaintiff must pay any outstanding fees. *Id.* The plaintiff, a highly experienced litigator in this court, is also reminded that he must provide the court with the original plus a judge's copy of every document filed.

As a final concern, the court notes that the plaintiff has initiated five lawsuits in this district in the past month alone. This matter is referred to the Executive Committee of the U.S. District Court for the Northern District of Illinois for a determination as to whether a regulatory injunction or barring order of some kind may be appropriate in light of the plaintiff's abuse of the judicial system..

*The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Illinois law does not toll the statute of limitations for prisoners. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, No. 90 C 1568, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993) (Kocoras, J.). The complaint does not indicate what years the plaintiff spent in a Northern District prison.